CHIEF JUSTICE SAYLOR, Dissenting
I agree with Appellant's argument that "or" may reasonably be read in the disjunctive in the relevant regards within Section 9714(g)'s definition of the phrase "crime of violence." This can be apprehended most readily in Section 9714(g)'s apparently disjunctive references to equivalent crimes -- for example, under the statute, the denomination "crime of violence" applies to a series of completed substantive crimes such as murder of the third degree and voluntary manslaughter, "... or an equivalent crime in another jurisdiction." 42 Pa.C.S. § 9714(g) (emphasis added). In this example, it seems likely that the Legislature contemplated equivalent crimes as an alternative to account for violent criminal conduct occurring extra-jurisdictionally. Accord Brief for Amicus Defender Ass'n of Phila. at 12 (characterizing equivalent offenses as "substitutes/replacements for an enumerated substantive offense").
As to inchoate crimes, these are listed in the same series with completed substantive offenses and equivalent crimes, with the categories being separated by the word "or." 42 Pa.C.S. § 9714(g). Accordingly, a "crime of violence" is a completed, enumerated crime, "or" a related inchoate crime, "or" an equivalent offense. Id. Just as the Legislature may have contemplated equivalent crimes to account for violent conduct occurring in other jurisdictions, it may also have included inchoate crimes to recognize that not all offenses fall into the category of completed substantive crimes. Accord Brief for Amicus Defender Ass'n of Phila. at 12-13.
While I do not discount the majority's overarching approach as constituting a reasonable interpretation of the statute,[1] from my point of view, the context creates sufficient ambiguity to warrant application of the rule of lenity. See , e.g. , Commonwealth v. Booth , 564 Pa. 228, 234, 766 A.2d 843, 846 (2001) ("[W]here ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused."). Accordingly, I respectfully dissent.

Contra Bryan A. Garner, Garner's Modern English Usage 50 (4th ed. 2016) ("If you are offered coffee or tea, you may pick either (or, in this case, neither), or you may for whatever reason order both. This is the ordinary sense of the word, understood by everyone and universally accommodated by the simple or.").